## E. R. CHENAULT *v.* J. W. GRIGSBY.
## SAME *v.* H. HELM'S TRUSTEE.

**Corporations Borrowing Money—Estoppel.**

Where a corporation is formed to construct a turnpike road, which road it was provided should be built by the money raised by stock subscriptions, but which proved insufficient for that purpose, and the directors order the president to borrow money and execute a note, which is done, which action is thereafter ratified by the board, such corporation is liable for such borrowed money.

**Estoppel.**

A corporation which has borrowed money and used the same in completing its turnpike, is estopped from showing its non-liability to repay such loan.

APPEAL FROM THE LINCOLN CIRCUIT COURT.

January 12, 1877.

OPINION BY JUDGE PRYOR:

The law and facts of this case were submitted to the court for judgment. The testimony establishes without any conflict whatever that the stock subscribed was insufficient to build appellant's road,

and these appellees, being large stockholders and directly interested in the completion, borrowed upon their individual credit six hundred dollars to enable them to fully construct the road.

They completed the road, paid the money, and obtained the notes of the president of the corporation as such for the money, or rather the notes of the corporation signed by the president. Whether the minutes of the board show that the party signing the notes was president of the company at the time he signed them is immaterial, as the board on the 18th of May, 1872, distinctly recognized the fact that the notes were ordered to be executed by the board representing the corporation, and on the 25th of May, 1872, the board ordered the payment of the notes as soon as practicable. The refusal of the president to indorse the action of the board did not invalidate this order; his signature with a protest only evidences his hostility to the measure.

The company is now in the undisputable use and enjoyment of that part of the road built with appellees' money. Its construction and the payment of the money by them (the appellees) is undenied, or if denied is established by the proof. There is no rule of law or equity that would permit the stockholders and directors, who stood by and saw the money expended and the road constructed, to withhold payment and enjoy its use. If, as directors, they have acted in bad faith or practiced a fraud on the appellees, it should have been made to appear.

It is maintained by counsel for appellant that facts exist, although not shown by the record, depriving the appellees of any legal or equitable claim upon the corporation by reason of this expenditure. These facts should have been shown, and we might add, if the brief of counsel were substituted for the record in the case we would have as little difficulty in reversing the judgment below as we now have in affirming it.

The fact that the road was to be constructed by the subscription of stock will not authorize the board to invite the expenditure and then refuse to pay for the labor. The obligees were the directors when the borrowing was ordered, and subsequent boards satisfied it, and if not, as the road was completed with the money, and the corporation is in the enjoyment of it, it must refund the money.

Judgment *affirmed.*

*W. H. Miller, for appellant. F. F. Bobbitt, for appellees.*